**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF AKRNASAS
NORTHERN DIVISION**

JESSICA LANGSTON                                                    PLAINTIFF

VS.                              NO. 3:24-CV-00006- BRW

COGGINS RENTAL and DENNIS
COGGINS                                                            DEFENDANTS

<u>**ORDER**</u>

As set out below, Plaintiffs' Motion in Limine (Doc. No. 32) is GRANTED IN PART

and DENIED IN PART.

**Plaintiff's Felony Convictions:**  Plaintiff was convicted of felony burglary in 2010 and

2011, and a felony drug crime in 2018. Plaintiff seeks to exclude evidence about the burglary

convictions under Rule 609, which limits using felony convictions to impeach a witness if more

than 10 years have passed since the witness's conviction or release from confinement for it

unless "its probative value, supported by specific facts and circumstances, substantially

outweighs its prejudicial effect."[1]  Plaintiff seeks to exclude her drug conviction under Rule 403

claiming it will distract the jury.  Defendants respond that the case hinges on the parties'

credibility, so all her previous convictions should be allowed. The motion is GRANTED.

Plaintiff's burglary convictions are outside of the allowable time under Rule 609 with no

applicable exception.  The drug conviction involves no honesty issue, and that conviction would

be too prejudicial.

**Plaintiff's Other Alleged Criminal Activity:**  Plaintiff seeks to exclude testimony from

Mr. Coggins concerning her alleged other criminal activity because it is irrelevant.   Defendant

---

[1]Fed. R. Evid. 609(b)(1).

agrees that rumors should not be allowed, but contends statements about illegal activity she made directly to him about allegedly falsifying car registration documents are admissible. I agree. Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Mr. Coggins may testify about the statements Plaintiff allegedly made to him. I see no need to redact exhibits PX 10 and PX 33.

**Plaintiff's Children:** Plaintiff seeks to exclude testimony about the fact that she lost custody of her children. Defendant contends the custody status is relevant because Plaintiff was representing to HUD that she was eligible for assistance because she had custody of the children. If true, this fact can be established through documentary evidence and questioning of Plaintiff. Testimony from other witnesses about the care of the children is irrelevant and hearsay. The motion is GRANTED IN PART and DENIED IN PART.

**Plaintiff's Alleged Other Sexual Conduct:** Plaintiff seeks to exclude evidence of other alleged sexual conduct under Fed. R. Evid. 412. First, Plaintiff seeks to exclude Defendant's testimony about Plaintiff's neighbor having had sex with her. Second, Defendant's testimony about Plaintiff being "flirty." Finally, Plaintiff seeks to exclude evidence about her other alleged plots to use sex to extort men at the same time the incident with Defendant occurred. Defendant responds that the evidence is admissible under Rule 404(b) to demonstrates her "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." The motion is GRANTED IN PART and DENIED IN PART. Plaintiff's alleged sexual conduct outside of her interactions with Defendant is excluded. However, Defendant may testify about his impressions of her alleged actions toward him.

**Alleged Property Damage:**  Plaintiff seeks to exclude Defendant's testimony that she left the unit she rented from him all "tore up." The evidence is not too prejudicial. The motion is DENIED.

**Hearsay Rumors:** Plaintiff seeks to exclude hearsay evidence from the trial. Specifically, Plaintiff points to several statements in Defendant's deposition that he claims he heard others say about Plaintiff and things he claims Plaintiff said to others about him. Defendant responds that he intends to testify that he was told by several people that Plaintiff was attempting to set him up and was recording him. This testimony is hearsay and cannot be used at trial. The motion is GRANTED.

**Undisclosed Witnesses:**  Plaintiff seeks to exclude testimony from several witnesses it says were not properly disclosed. Plaintiff alleges Defendant failed to adequately disclose Frankie Jackson, Paul Ragsdale, Shannon Fisher, and Colin Rodgers. Defendant responds the names were disclosed at the beginning of this case in response to interrogatories from Plaintiff, and they have been identified in every disclosure since then. Plaintiff claims it has been prejudiced with the delay, but points to nothing specific. The motion is DENIED.

**Irrelevant Witnesses**: Plaintiff seeks to exclude the testimony of Tim Carey, a police officer who investigated Plaintiff for not taking care of her kids, and Mr. Hodge, who is Plaintiff's ex-husband to show Plaintiff lied about having custody of her children on her application to get HUD housing assistance. If true, that point can be made without their testimony. Additionally, Plaintiff seeks to exclude Shannon Fisher, who is Plaintiff's ex-boyfriend. He would testify about her threats to sue for alleged sexual misconduct. However, I have ruled that those issues are inadmissible. Unless, Mr. Fisher has something else to add, his testimony is excluded. The motion is GRANTED IN PART and DENIED IN PART.

**"Me too" Witnesses**: Plaintiff plans to offer testimony from five other women that Defendant has allegedly sexually harassed: Tammy Jo Findley, Dana Rogers, Brenda Riley, Destiny Oden, and Patsy Raney. Plaintiff contends the testimony is admissible to show intent, impeach Defendant, support punitive damages, and show a propensity to commit sexual assault. Defendant contends that the witnesses are intended to inflame the jury against him. The parties agree this issue is best decided as the trial unfolds. The motion is DENIED without prejudice.

**Admit or allow the use in opening of several exhibits**: Plaintiff seeks to admit or allow the use of several exhibits during opening statements. The proposed exhibits include recordings and text messages. Defendant opposes the motion on hearsay grounds. This issue is best handled at the pre-trial conference to be held the morning of the trial, where I can examine the exhibits and hear arguments. The motion is DENIED.

**Defendant's Cancer Diagnosis:** Plaintiff seeks to exclude any mention of Defendant's cancer diagnosis because it may permit unwarranted sympathy for Defendant. Defendant contends that the jury needs this information if it awards damages. Defendant's cancer diagnosis is not relevant to any issue in this case. The motion is GRANTED.

IT IS SO ORDERED, this 25th day of February, 2025.

BILLY ROY WILSON
UNITED STATES DISTRICT JUDGE