**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**JESSICA LANGSTON**                                                                **PLAINTIFF**

**v.**                                                **Case No. 3:24-cv-00006-LPR**

**COGGINS RENTAL, LLC &
DENNIS COGGINS**                                                                **DEFENDANTS**

<u>**ORDER**</u>

On March 20, 2026, Plaintiff objected to the identification of certain witnesses on Defendant's pretrial disclosure sheet.[1]  In substance, Plaintiff was asking for the Court to prevent those witnesses from testifying.[2]  The witnesses to which Plaintiff objected were Mr. Hodge, Paul Stires, Frankie Jackson, Paul Ragsdale, Colin Rodgers, and Emily Riddel.[3]

Also on March 20, 2026, after reviewing Plaintiff's Objections, the Court issued the following Order: "Defendants are directed to respond to . . . Plaintiff's Objections on or before Friday, March 27, 2026."[4]  The dispatch with which the Court moved was intentional and done with an eye to the fast-approaching trial of this matter in mid-April.[5]  Unfortunately, the March 27 deadline came and went without Defendants filing a response.  So, the next day—Saturday, March 28—the Court issued a second Order on this topic:

> On March 20, 2026, the Court ordered Defendants to respond to . . . Plaintiff's Objections on or before Friday, March 27, 2026.  *See* Doc. 66.  Defendants did not do so.  Normally, in such circumstances, the Court would conclude that Defendants are acquiescing to the relief sought in . . . Plaintiff's Objections and, for that reason alone, grant Plaintiff the relief sought.  Out of an abundance of caution, however, the Court will wait to take this course until 11:59 pm central time on Monday, March 30, 2026.  If, by that time, Defendants file a Motion for Leave to File a

---

[1] *See* Pl.'s Objs. to Defs.' Pretrial Disclosure Sheet (Doc. 65).

[2] *See id.* at 1–5.

[3] *See id.*

[4] Doc. 66.

[5] *See* Notice of Hr'g (Doc. 62) (setting Pretrial Conference for April 13, 2026, and Trial for April 14, 2026).

Response Out of Time along with (1) an accompanying Brief and (2) the proposed Response, the Court will consider the merits of the Response if the Motion for Leave and supporting Brief justify doing so under the appropriate legal standard. If Defendants do not file the foregoing papers by 11:59 pm central time on Monday, March 30, 2026, or if the Court is not persuaded to consider the out of time Response, the Court will consider Defendants as having acquiesced to the relief sought in . . . Plaintiff's Objections and, for that reason alone, grant Plaintiff the relief sought.[6]

On Monday, March 30 Defendants filed a half-page Motion to File a Belated Response.[7]  That Motion is woefully inadequate—procedurally and substantively.

In direct contravention of the Court's March 28 Order (and Local Rule 7.2), the Motion to File a Belated Response is not accompanied by a supporting brief.[8]  That on its own is sufficient reason to reject the Motion.[9]  Worse still, the only justification given for why the Court should accept a late filing is that the due date "was incorrectly calendered [sic] for Tuesday, March 31, 2026."[10]  That justification is not just flimsy; it is non-sensical.  This is not a situation where the Court ordered that a response be filed within a certain number of days.  The Court's March 20 Order specified that the Response was due Friday, March 27.[11]  In the absence of a more thorough explanation—including who "incorrectly calendared" the due date and how that person managed to do so when the due date was specified in the Order—the excuse given is simply not believable.[12]

---

[6] Doc. 67.

[7] *See* Doc. 68 at 1.

[8] Defendants did attach a brief to their Motion to File a Belated Response, but that brief supports the proposed Response and not the Motion to File.  *See id.* at 5–7 (brief titled "BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS . . .").  The brief does not—in any way whatsoever—discuss or apply the law governing a court's determination of whether to allow a late filing.  *See generally id*.

[9] *See* Local R. 7.2(f) ("The failure to timely respond to any nondispositive motion, as required by the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, or by any local rule, shall be an adequate basis, without more, for granting the relief sought in said motion.").

[10] Doc. 68 at 1.

[11] Doc. 67.

[12] Defendants do not allege that they missed the Court's March 20 Order.  Indeed, the "inaccurately calendared" excuse affirmatively implies that Defendants did see the Order.  *See* Doc. 68 at 1.

2

Even assuming the credibility of the excuse, there is nothing in the half-page Motion that suggests the incorrect calendaring was anything other than "garden-variety . . . inattention."[13] Such ordinary inattention by counsel does not constitute excusable neglect.[14] And although there are other factors in the excusable neglect analysis,[15] the reason for the untimeliness is of primary importance.[16] In the circumstances of this case—where the Court disbelieves the reason given and where the reason given (even if true) would constitute ordinary inattention—Defendants cannot show excusable neglect.[17]

For the judicial system to be administered fairly and efficiently, rules and orders must be followed. And for that to happen, rules and orders must be enforced. In its March 28 Order, the Court was very clear what would happen "[i]f Defendants [did] not file the [required] papers by 11:59 pm central time on Monday, March 30, 2026, or if the Court [was] not persuaded to consider the out of time Response . . . ."[18] In those circumstances, the Court explained that it would "consider Defendants as having acquiesced to the relief sought in . . . Plaintiff's Objections and,

---

[13] *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 462 (8th Cir. 2000) (explaining that "garden-variety attorney inattention" does not constitute excusable neglect).

[14] *See id.* at 464 ("Although neglect no longer needs to be beyond a party's control to be deemed excusable, 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect.'" (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993))).

[15] *See id.* at 462 ("[T]he determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances . . . . includ[ing] the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." (internal quotation marks and citations omitted) (cleaned up) (quoting *Pioneer*, 507 U.S. at 395)). The Court acknowledges that: (1) the time of delay was short; (2) the delay did not prejudice Plaintiff; and (3) were the Court to reject the Motion to File a Belated Response, Defendants face some prejudice in the loss of the ability to argue in favor of calling certain witnesses.

[16] *Id.* at 463 ("The four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry.").

[17] It should not go unnoticed that a substantively deficient reason is provided in a procedurally deficient Motion.

[18] Doc. 67.

for that reason alone, grant Plaintiff the relief sought."[19]   The Court recognizes this is strong medicine.  But it is called for here.

In Plaintiff's Objections,[20] Plaintiff requested that the Court exclude as a witness the individual identified as "Hodge" in paragraph 12 of Defendants' Pretrial Disclosure Sheet.[21] Plaintiff also requested that the Court exclude as witnesses Paul Stires, Frankie Jackson, Paul Ragsdale, Colin Rodgers, and Emily Riddel.[22]  For the reasons explained above, the Court grants Plaintiff's request in its entirety.[23]

IT IS SO ORDERED this 1st day of April 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[19] *Id.*

[20] *See* Doc. 65 at 1–3.

[21] *See* Doc. 63 at 4.

[22] *See* Pl.'s Objs. to Defs.' Pretrial Disclosure Sheet (Doc. 65) at 3–5.

[23] The Court notes that, of all these witnesses, the one Defendants appear most focused on is Paul Stires.  *See* Defs.' Mot. to File Belated Resp. (Doc. 68) at 5–7.  But the Court (back when Judge Wilson was presiding over this case) significantly limited the topics on which Mr. Stires might testify.  *See* Feb. 25, 2025 Order (Doc. 39) at 2.  And, when the Court more recently invited a motion to reconsider Judge Wilson's *in limine* rulings, *see* May 9, 2025 Hr'g Tr. (Rough) at 4:17:55–4:20:51, Defendants did not make such a motion.